United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EIDEX FAMILY PARTNERSHIP, L.P.,

Plaintiff,

v.

CARLVIN JUSTICE,

Defendant.

___________________________________/

No. C-08-1173 EMC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND REMANDING TO STATE COURT**

**(Docket No. 2)**

Defendant Carlvin Justice has filed a notice of removal with respect to a state civil action for unlawful detainer filed by Plaintiff Eidex Family Partnership, L.P. ("Eidex"). Mr. Justice has also filed with the Court an application to proceed *in forma pauperis*. Mr. Justice has consented to proceed before a magistrate judge.

## I. DISCUSSION

A. *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

In his financial affidavit, Mr. Justice states that he is not presently employed but that he has within the past twelve months received $1,500 from business, profession, or self-employment. He

also states that he has no assets other than a car and that, while he has no debts, he does have monthly expenses of $80. Given the circumstances, the Court grants Mr. Justice's application to proceed *in forma pauperis*.

B. Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addition, this Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See Khan v. Bhutto*, C-93- 4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma pauperis status under 28 U.S.C. 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction").

In the instant case, subject matter jurisdiction is lacking.[1] Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, but the Court cannot discern any cognizable claim based on federal law in Eidex's complaint. In its complaint, Eidex has asserted solely a claim for unlawful detainer. *See Enns v. NOS Communs. (In re NOS Communs.)*, 495 F.3d 1052, 1057 (9th

---

[1] It also appears that the removal by Mr. Justice was untimely. Under 28 U.S.C. § 1446(b), a defendant has thirty days to remove after receiving a complaint. *See* 28 U.S.C. § 1446(b). Here, Eidex filed the complaint more than ten years ago, on September 17, 1997, and, presumably, the complaint was served on Mr. Justice on or about that time. Mr. Justice, however, did not file a notice of removal until February 27, 2008. Of course, a district court cannot "remand *sua sponte* for defects in removal procedure." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).

That being said, based on the allegations in the notice of removal, it appears that Mr. Justice did not seek to remove until after a trial on the merits. If there had been a trial on the merits in the state court, then arguably Mr. Justice waived his right to remove to federal court. *See Rosenthal v. Coates*, 148 U.S. 142, 147 (1983) (noting that a party may not experiment on his case in the state trial and appellate courts and, "upon an adverse decision, then transfer it to the Federal court"); *see also Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991) (stating that "a defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court" because "[s]uch behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity"); *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229 (N.D. W. Va. 1988) (noting that "[f]ederal [c]ourts have recognized that a defendant can waive his right to remove a case where it is shown that the defendant submitted to state court jurisdiction after receiving notice of the removability of the action").

Cir. 2007) (stating that "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"; adding that "a case may not be removed to federal court on the basis of a federal defense") (internal quotation marks omitted)

Under 28 U.S.C. § 1332, a federal court also has subject matter jurisdiction when each of the plaintiffs is a citizen of a different state from each of the defendants (*i.e.*, when there is "complete diversity") and the amount in controversy exceeds $75,000. Nothing in the complaint alleges diversity of citizenship of the parties, and Mr. Justice does not assert there is. Moreover, it is doubtful that the amount in controversy exceeds $75,000; Eidex sought in its complaint only $21.66 per day in damages, from September 16, 1997, to the date of judgment.

The Court therefore remands the case to state court for lack of subject matter jurisdiction.

As a final point, the Court takes note that, soon after Eidex filed its lawsuit against Mr. Justice, he initiated bankruptcy proceedings in the bankruptcy court of this district (Pet. No. 97-49443). It appears that Eidex sought relief from the bankruptcy stay and that the bankruptcy court granted that request for relief. To the extent that Mr. Justice seeks to appeal that decision or another decision of the bankruptcy court, a notice of removal is not the proper means by which to do so.[2] The Court does not express any opinion as to whether any appeal of the bankruptcy court's decision would be timely.

This order disposes of Docket No. 2.

IT IS SO ORDERED.

Dated: April 2, 2008

EDWARD M. CHEN
United States Magistrate Judge

[2] Bankruptcy Rule 9027, which Mr. Justice cites in the caption of his complaint, is not applicable. That rule discusses removal of a case *to* bankruptcy court.