1  CARLVIN JUSTICE
   1414 62ND ST
2  EMERYVILLE CA. 94608
   (510) 938-5726
3
   CARLVIN JUSTICE
4  PRO SE

5              UNITED STATES DISTRICT COURT OF CALIFORNIA
                         NORTHERN DISTRICT

6  EIDEX FAMILY PARTNERSHIP L.P.           CASE NO. C-08-01173 EMC
                                           TRIAL DE NOVO
7  PLAINTIFFS                              DEFENSE MOTION TO WITHHOLD
                                           CONSENT AND FOR REASSIGNMENT
8  VS.                                     FRCP 17,39,59,73 (B) and
                                           CIV L.R. 73-1.(A)(2).
   CARLVIN JUSTICE,                        ATTACH ORDER OF EMC
9                                          TITLE 28 U.S.C. §455-§2403(b):
   DEFENDANT
10
                                        /
11

1

1  MATTER ARE CLEARLY BEFORE THE DISTRICT COURT REGARDING EIDEX FAMILY

2  PARTNERSHIP, TITLE TO PROPERTY IS AT ISSUE AND THE STATE COURT COMPLAINT.

3  JUDGE EMC HAS PLEADED HE WILL MOTION THE COURT SUA SPONTE AND AT

4  THIS TIME I DEFENSE COUNSEL WILL MOVE FOR ABUSE OF DISCRETION AN AMEND

5  PLEADINGS FRCP 15 TO STRICKEN THAT MOTION PRESENTED BY MAGISTRATE EMC AND NOT

6  PLAINTIFF OF RECORD WHO DOES HAVE RIGHT TO SPEAKE HIS MOTION BEFORE THIS

7  COURT OF RECORD, CLEARLY THIS IS A INCORRECT STANDARD BY A JURIST WHEN

8  THE OPPONET MAY SPEAK AS COUNSEL FOR HIMSELF OR AS A REPRESENTING PARTY.

RESPONSE DISUSSION OF
(EMC DOCKET NO 2-3)

10  PAGEE 2 PLEADING 19 AND IN RESPONSE, EMC MAY NOT CURTAIL HIS SELECTION OF

11  CHOICE REGARDING TITLE 28 U.S.C. SECTION 1446 (B) WHICH NOT THE SELECTION

12  BY DEFENDANT FOR REMOVAL OF THIS CASE.

13  RESPONDING TO PAGE 2 PLEADING 22-28 FOR CORRECTION OF PLEADING

14  THERE HAS NOT BEEN A TRIAL ON THE MERIT AT ANY TIME DURING COURT PROCEEDINGS

15  AND THAT WILL BE BASE ON PREJUDICIAL CONDUCT WHICH WILL BE SET ASIDE IN THE

16  INTEREST OF GENERAL JURISDICTION AND NOT WAIVED BY DEFENDANT. THE RIGHT

17  TO REMOVED A CASE TO THE FEDERAL FORUM IS WITHIN CONSTITUTION OF THE UNITED

18  STATES WHICH I DO PLEDGE WITHOUT ANY ABUSE OF DISCRETION BY THE DISTRICT

19  COURT. IN FINDING THE TEMPERTURE TO ITS LIKELY BEAT AS STATED IN EMC PLEADING

20  I DEFENDANT WILL MOVE TO TEST THE WATERS IN FEDERAL COURT AND FINDING A

21  EXPERIMENT FOR A EXPLOSIVE REMEDY OF DAMAGES, WHICH DID EXCEED THE STATE

22  JURISDICTIONAL AMOUNT AND AT NO TIME WILL A RIGHT TO REMOVED BE WAIVED 526

23  U.S. 721.

24  DEFENDANT WILL NOW SAY A CLEARLY ERRONEOUS STANDARD WE DO HAVE WITH ALL DUE

25  DISPOTIVE. UNITED STATE V. PAGE 302 F.2D 81 (9TH CIR. 1962). RULE 52 (A) AND

OFFUTT V. UNITED STATES 348 U.S. 14.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EIDEX FAMILY PARTNERSHIP, L.P., <br> Plaintiff, <br> v. <br> CARLVIN JUSTICE, <br> Defendant. | No. C-08-1173 EMC <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND REMANDING TO STATE COURT** <br><br> (Docket No. 2) |

Defendant Carlvin Justice has filed a notice of removal with respect to a state civil action for unlawful detainer filed by Plaintiff Eidex Family Partnership, L.P. ("Eidex"). Mr. Justice has also filed with the Court an application to proceed *in forma pauperis*. Mr. Justice has consented to proceed before a magistrate judge.

## I. DISCUSSION

A.  *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In his financial affidavit, Mr. Justice states that he is not presently employed but that he has within the past twelve months received $1,500 from business, profession, or self-employment. He

also states that he has no assets other than a car and that, while he has no debts, he does have monthly expenses of $80. Given the circumstances, the Court grants Mr. Justice's application to proceed *in forma pauperis*.

B.  Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addition, this Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. *See Khan v. Bhutto*, C-93- 4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma pauperis status under 28 U.S.C. 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction").

In the instant case, subject matter jurisdiction is lacking.[1] Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, but the Court cannot discern any cognizable claim based on federal law in Eidex's complaint. In its complaint, Eidex has asserted solely a claim for unlawful detainer. *See Enns v. NOS Communs. (In re NOS Communs.)*, 495 F.3d 1052, 1057 (9th

---

[1] It also appears that the removal by Mr. Justice was untimely. Under 28 U.S.C. § 1446(b), a defendant has thirty days to remove after receiving a complaint. *See* 28 U.S.C. § 1446(b). Here, Eidex filed the complaint more than ten years ago, on September 17, 1997, and, presumably, the complaint was served on Mr. Justice on or about that time. Mr. Justice, however, did not file a notice of removal until February 27, 2008. Of course, a district court cannot "remand *sua sponte* for defects in removal procedure." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).

That being said, based on the allegations in the notice of removal, it appears that Mr. Justice did not seek to remove until after a trial on the merits. If there had been a trial on the merits in the state court, then arguably Mr. Justice waived his right to remove to federal court. *See Rosenthal v. Coates*, 148 U.S. 142, 147 (1983) (noting that a party may not experiment on his case in the state trial and appellate courts and, "upon an adverse decision, then transfer it to the Federal court"); *see also Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Va. 1991) (stating that "a defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court" because "[s]uch behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity"); *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229 (N.D. W. Va. 1988) (noting that "[f]ederal [c]ourts have recognized that a defendant can waive his right to remove a case where it is shown that the defendant submitted to state court jurisdiction after receiving notice of the removability of the action").

2

Cir. 2007) (stating that "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"; adding that "a case may not be removed to federal court on the basis of a federal defense") (internal quotation marks omitted)

Under 28 U.S.C. § 1332, a federal court also has subject matter jurisdiction when each of the plaintiffs is a citizen of a different state from each of the defendants (*i.e.*, when there is "complete diversity") and the amount in controversy exceeds $75,000. Nothing in the complaint alleges diversity of citizenship of the parties, and Mr. Justice does not assert there is. Moreover, it is doubtful that the amount in controversy exceeds $75,000; Eidex sought in its complaint only $21.66 per day in damages, from September 16, 1997, to the date of judgment.

The Court therefore remands the case to state court for lack of subject matter jurisdiction.

As a final point, the Court takes note that, soon after Eidex filed its lawsuit against Mr. Justice, he initiated bankruptcy proceedings in the bankruptcy court of this district (Pet. No. 97-49443). It appears that Eidex sought relief from the bankruptcy stay and that the bankruptcy court granted that request for relief. To the extent that Mr. Justice seeks to appeal that decision or another decision of the bankruptcy court, a notice of removal is not the proper means by which to do so.[2] The Court does not express any opinion as to whether any appeal of the bankruptcy court's decision would be timely.

This order disposes of Docket No. 2.

IT IS SO ORDERED.

Dated: April 2, 2008

EDWARD M. CHEN
United States Magistrate Judge

---

[2] Bankruptcy Rule 9027, which Mr. Justice cites in the caption of his complaint, is not applicable. That rule discusses removal of a case *to* bankruptcy court.

3

1  CARLVIN JUSTICE
   1414 62ND ST
2  EMERYVILLE CA. 94608
   (510) 938-5726
3
   CARLVIN JUSTICE
4  PRO SE

                    UNITED STATES DISTRICT COURT OF CALIFORNIA
5                                  NORTHERN DISTRICT

6  EIDEX FAMILY PARTNERSHIP L.P.                 CASE NO. C-08-01173 EMC
                                                 PROOF SERVICE ATTACH:
7  PLAINTIFFS

8  VS.

   CARLVIN JUSTICE,
9
   DEFENDANT(s).
10
   _____/
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

PROOF OF SERVICE BY MAIL

(C.C.P. 1013A(3)0

1 __Willie J Crear__, DECLARE

I AM EMPOLYED IN THE CITY AND COUNTY OF BERKELEY, CALIFORNIA BY BUSSINESS ADDRESS IS __PO Box 6754 Oak CA 94603__

I AM OVER THE AGE OF 18 YEARS OLD AND NOT A PARTY TO THIS ACTION. SUCH PRACTICE IS IN THE ORDINARY COURSE OF BUSSINESS PROVIDES FOR DEPOSIT OF ALL OUTGOING MAIL WITH THE UNITED STATES POSTAL SERVICE ON THE SAME DATE IT IS COLLECTED AND PROCESSED FOR MAILING.

28 U.S.C. 455-2403
TRIAL DE NOVO

ON __4-12-08__ I SERVED THE FOREGOING __WITHHOLD CONSENT__ BY PLACING A TRUE COPY THEREOF FOR

__C Justice__ OUTGOING MAIL IN A SEALED ENVELOPE, ADDRESS AS FOLLOWS:

Bruce C. Reeves
2527 Santa Clara Ave.
Alameda, CA. 94501

Presiding Judge
450 Goldengate
S.F. CA.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS EXECUTED ON __4-12-08__

_Willie J Crear_

PROOF OF SERVICE: