**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EIDEX FAMILY PARTNERSHIP, L.P.,

Plaintiff,

v.

CARLVIN JUSTICE,

Defendant.

_____/

No. C-08-1173 EMC

**ORDER DENYING DEFENDANT'S
MOTION TO REPEAL JUDGE CHEN'S
ORDERS**

**(Docket No. 23)**

Defendant Carlvin Justice removed this case to federal court on February 27, 2008.  *See* Docket No. 1 (notice of removal and complaint).  Accompanying his notice of removal was an application to proceed in forma pauperis.  *See* Docket No. 2 (in forma pauperis application).  The case was assigned to a magistrate judge, Edward M. Chen.  *See* Civ. L.R. 3-3 (providing that, upon the filing of a civil action, "the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court"); Gen. Order 44 (randomly assigning newly filed cases to magistrate judges as well as district judges; providing that "[t]he purpose of the [Assignment Plan] is to provide an equitable system for a proportionate division of the caseload among the Judges and Magistrate Judges of the Court, for random assignment of cases, [etc.]").  Subsequently, Mr. Justice filed a consent to proceeding before a magistrate judge for all proceedings, including trial, with an appeal from the judgment to be taken directly to the Ninth Circuit.  *See* Docket No. 4(consent).

On April 2, 2008, Judge Chen issued an order granting the application to proceed in forma pauperis but remanding the case to state court for lack of subject matter jurisdiction.  *See* Docket No. 4 (order).  Thereafter, Mr. Justice made repeated attempts to withdraw his consent and/or have his

**United States District Court**
For the Northern District of California

1   case reassigned so that Judge Chen would no longer be the presiding judge. *See, e.g.*, Docket Nos.

2   8, 13, 15, 17, 19, 21 (motions).  Some of these requests were ruled upon by District Court Judge

3   White (*i.e.*, an Article III judge) as the general duty judge. *See* Docket Nos. 14, 16 (orders).

4   Currently pending is, in effect, another request by Mr. Justice to withdraw his consent and/or to have

5   the case reassigned.  Having considered Mr. Justice's motion, as well as all other evidence of record,

6   the Court hereby **DENIES** the request for relief.

## I.   DISCUSSION

8       Title 28 U.S.C. § 636(c) allows for a magistrate judge to conduct all proceedings in a civil

9   case upon the consent of the parties.[1] *See* 28 U.S.C. § 636(c)(1).  However, "[a] court may, for good

10  cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a

11  reference of a civil matter to a magistrate judge under . . . subsection [(c)(4)]." *Id.* § 636(c)(4).  The

12  Ninth Circuit has explained that this provision is essentially a part of the checks and balances among

13  the three branches of the federal government.  Through this provision, "Article III courts control the

14  magistrate system as a whole" and therefore ensure control "over the interpretation, declaration, and

15  application of federal law." *Pacemaker Diagnostic Clinic, Inc. v. Instromedix, Inc.*, 725 F.2d 537,

16  544 (9th Cir. 1984) (en banc).

17      In the instant case, Mr. Justice has moved to vacate reference of the matter to Judge Chen

18  pursuant to § 636(c)(4).  As indicated above, because such a motion may properly be heard by an

19  Article III judge, Mr. Justice's motion was referred to the undersigned, as the general duty judge, for

20  resolution.

---

[1] As indicated above, in the instant case, Mr. Justice consented to the jurisdiction of Judge Chen. Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, Plaintiff Eidex Family Partnership, L.P.'s consent was not required in order for Judge Chen to remand because there is no indication that Eidex was ever served with the notice of removal and, as a result, it was not a party to the federal (as opposed to state) action. *Cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with applicable filing requirements, was not a party).

**United States District Court**
For the Northern District of California

1    As a preliminary matter, the Court notes that, less than half an hour before filing the pending

2    motion, Mr. Justice submitted a document to the Ninth Circuit titled "Petition for Writ of Mandamus

3    Compelling Remedial Behaviour Within the Jurisdiction." This petition was accepted for filing by

4    the Ninth Circuit several days later, *i.e.*, on April 16, 2009. While a district court is divested of

5    jurisdiction upon a notice of appeal of a final judgment, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d

6    750, 755 (9th Cir. 2002), a petition for a writ of mandamus does not destroy the district court's

7    jurisdiction in the underlying case. *See Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007).

8    The Court therefore does have jurisdiction to entertain Mr. Justice's motion to vacate the reference

9    to Judge Chen.

10    In resolving the motion, the Court begins by noting that Mr. Justice has previously moved for

11    vacatur and that his motion was denied by Judge White of this District, acting as the general duty

12    judge. Although this Court would be justified in refusing to entertain Mr. Justice's current motion

13    because the issue has already been adjudicated by Judge White, out of an abundance of caution, it

14    shall conduct its own review.

15    As indicated above, Mr. Justice must demonstrate "extraordinary circumstances" to justify a

16    vacatur of the reference. *See* 28 U.S.C. § 636(c)(4). Mr. Justice seems to argue that there are

17    extraordinary circumstances because (1) Judge Chen has effectively been acting as a lawyer in the

18    proceeding (*i.e.*, as an advocate against Mr. Justice), *see* Mot. at 1 (citing 28 U.S.C. § 455(b)(5)(ii),

19    which provides that a judge shall disqualify himself where "[h]e or his spouse, or a person within the

20    third degree of relationship to either of them, or the spouse of such a person . . . [i]s acting as a

21    lawyer in the proceeding"), and/or because (2) Judge Chen is biased. *See* Mot. at 1 (citing Civil

22    Local Rule 11-4(b), which provides that an attorney practicing before the court must practice "free

23    from prejudice and bias"). Neither argument is availing.

24    First, Judge Chen was not acting as an advocate for the opposing party by remanding the

25    case to state court on his own initiative. It is the duty of a trial court to raise the issue of subject

26    matter jurisdiction *sua sponte* if it appears lacking. *See Khan v. Bhutto*, C-93- 4165 MHP, 1993

27    U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma

28    pauperis status under 28 U.S.C. 1915(d) and dismiss sua sponte a claim . . . over which the court

United States District Court

For the Northern District of California

1   lacks subject matter jurisdiction"); *see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336

2   F.3d 982, 985 (9th Cir. 2003) (noting that "'[i]t has long been held that a judge can dismiss sua

3   sponte for lack of jurisdiction'"); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir.1982) (noting that

4   lack of subject matter jurisdiction can be raised *sua sponte* by a court at any time as it is "the duty of

5   the federal courts to assure themselves that their jurisdiction is not being exceeded").

6          Second, although Mr. Justice claims that Judge Chen is biased, Mr. Justice has not pointed to

7   any evidence suggesting bias on the part of Judge Chen other than his substantive ruling against Mr.

8   Justice that there is no subject matter jurisdiction in the instant case.  This is insufficient to establish

9   bias.  *Cf. United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (explaining that "[t]he alleged

10  bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an

11  opinion on the merits on some basis other than what the judge learned from his participation in the

12  case.").

13         Finally, Mr. Justice has not demonstrated that there are any extraordinary circumstances

14  justifying vacatur.  Indeed, based on the Court's independent review, it concludes that subject matter

15  jurisdiction is lacking over the instant case and thus Judge Chen's ruling was correct on the merits.

16  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either

17  through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."

18  *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

19         Federal question jurisdiction is clearly lacking since the complaint asserts only a claim for

20  unlawful detainer, a state law claim.  *See, e.g.*, *Aurora Loan Servs. LLC v. Metcalf*, No.

21  08cv872-WQH-RBB, 2008 U.S. Dist. LEXIS 86220, at *3 (S.D. Cal. Oct. 24, 2008) (noting that,

22  "[u]pon removal, the [d]efendant bears the burden of proving the existence of federal subject matter

23  jurisdiction" and that the defendant failed to meet this burden because "the unlawful detainer action

24  filed by [p]laintiff in state court relies exclusively on state law"); *First Fed. Bank of Cal. v.*

25  *Natividad*, 2008 U.S. Dist. LEXIS 83101, at *5-6 (E.D. Cal. Sept. 5, 2008) (stating that "[t]his court

26  has no jurisdiction over unlawful detainer actions which are strictly within the province of state

27  court" and that "[d]efendants' apparent attempt at creating federal subject matter jurisdiction by

28  simply adding claims and defenses to a petition for removal will not succeed").

4

United States District Court

For the Northern District of California

1    As for diversity jurisdiction, "[i]n any case where subject matter jurisdiction is premised on

2    diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all

3    defendants." *Deutsche Bank Nat'l Trust Co. v. Anguiano*, No. CV 09-01614 MMM (MANx), 2009

4    U.S. Dist. LEXIS 24978, at *9 (C.D. Cal. Mar. 17, 2009).  There is no indication in the record that

5    the parties are citizens of different states.  Therefore, "the [C]ourt cannot determine whether this

6    element of diversity jurisdiction is satisfied." *Id.* .

7                          **II.    CONCLUSION**

8          For the foregoing reasons, Mr. Justice's motion to vacate the reference to Judge Chen is

9    denied.

10         This order disposes of Docket No. 23.

11

12         IT IS SO ORDERED.

13

14   Dated:  April 21, 2009

15

16                                    _____

17                                    CHARLES R. BREYER
                                      United States District Judge

18

19

20

21

22

23

24

25

26

27

28

5